UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**STEVEN R. SCHMIDT,**
        **Plaintiff,**

     v.                                          Case No. 13-CV-00348

**GORAN DRAGISIC, NICOLE DRAGISIC,
UNKNOWN INSURANCE COMPANY OF NICOLE
DRAGISIC, DR. ARVIND AHUJA,
AURORA HEALTH CARE, ALLSTATE INSURANCE
COMPANY, FARMERS INSURANCE COMPANY,
BADGER MUTUAL INSURANCE CO.,
STATE OF WISCONSIN, JIM GATZKE, and
MARY K. WOLVERTON,**
        **Defendants.**

---

## DECISION AND ORDER

Pro se plaintiff Steven R. Schmidt brings this lawsuit primarily alleging that defendants defrauded the federal Medicare program. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Under § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff has filed the required affidavit of indigence. Upon review of this affidavit, I am satisfied that plaintiff meets the requirements of § 1915. Therefore, I will grant his request to proceed in forma pauperis.

However, I will also review the complaint under 28 U.S.C. § 1915(e)(2)(B) to determine if it states a claim upon which relief can be granted. I am authorized "to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)). A complaint must be dismissed if it either fails to state a claim upon which relief can be granted or is legally "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim if it appears beyond a doubt that the plaintiff cannot prove any facts that would entitle him to relief. *Wilson v. Price*, 624 F.3d 389, 391–92 (7th Cir. 2010). In determining whether a complaint states a claim, I accept all of plaintiff's allegations as true and give them a liberal construction because plaintiff is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

According to the complaint, plaintiff's spine was injured as a result of medical malpractice and three different car accidents that were not his fault. He claims that the resulting medical bills should have been covered by the doctors who committed the malpractice, the insurance policies of the drivers who hit him and his own uninsured motorist policy. However, he alleges that defendants conspired to prevent him from being compensated. As a result, many of his medical bills had to be covered by Medicare. Because defendants knew that Medicare would be forced to pay his bills, plaintiff claims they are liable for defrauding the federal Medicare program.

I will dismiss plaintiff's Medicare fraud claim because plaintiff lacks standing to bring it. To establish standing, a plaintiff must allege that he "suffered an 'injury in fact'—an

invasion of a legally protected interests which is (a) concrete and particularized and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'" *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff lacks standing because he was not the victim of the alleged Medicare fraud. The federal government was. A claim for Medicare fraud must be brought by or on behalf of the federal government. *See* 31 U.S.C. § 3730(b) (setting out the proper procedure for bringing a claim for fraud on behalf of the federal government under the False Claims Act).

Plaintiff also brings two other claims. First, he alleges that defendant Aurora Health Care denied him charity care because he is disabled. Second, he claims the State of Wisconsin deprived him of his federal right "to quality care in his home [state]" by enacting Wis. Stat. ch. 655, which "dissolv[ed] any liability consequences to the perpetrators of medical malpractice." (Compl. 7, ECF No. 1.) Plaintiff, however, offers no factual allegations to support these claims and thus in both instances fails to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that the complaint must state a plausible claim for relief that permits "the reasonable inference that defendant is liable for the injury alleged").

Plaintiff may file an amended complaint within 30 days if he wishes. If plaintiff does not amend his complaint within this time frame, I will dismiss the case. I will also deny plaintiff's motions to seal page 3 of his amended affidavit of indigence offered in support of his motion for leave to proceed in forma pauperis. The page plaintiff seeks to seal explains that a third-party, Michael R. Ziarnik, left possessions at plaintiff's house that may

3

be valuable but that do not belong to plaintiff. Plaintiff fails to explain why this information needs to be kept confidential.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to amend/correct his affidavit of indigence (Docket #4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to seal page 3 of his amended affidavit (Docket #8, 12) are **DENIED**. The clerk shall **UNSEAL** the documents at Docket #7-1 and Docket #11-1.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff has until **June 7, 2013** to amend his complaint if he wishes to do so.

Dated at Milwaukee, Wisconsin, this 8th day of May 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge