# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN R. SCHMIDT,
      Plaintiff,

v.                                           Case No. 13-CV-00348

GORAN DRAGISIC, NICOLE DRAGISIC,
UNKNOWN INSURANCE COMPANY OF NICOLE
DRAGISIC, DR. ARVIND AHUJA,
AURORA HEALTH CARE, ALLSTATE INSURANCE
COMPANY, FARMERS INSURANCE COMPANY,
BADGER MUTUAL INSURANCE CO.,
STATE OF WISCONSIN, JIM GATZKE, and
MARY K. WOLVERTON,
      Defendants.

## DECISION AND ORDER

Pro se plaintiff Steven R. Schmidt brought this lawsuit against several defendants. I found that his complaint failed to state a claim and gave him 30 days to amend. In response, plaintiff filed a motion "for Court Date to hear Oral Arguments." The motion clarifies plaintiff's claims and requests an opportunity to present oral argument. Because plaintiff is proceeding pro se, I construe this motion as an attempt to amend the complaint.

I am authorized "to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)). And I can dismiss a complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To state a claim, the complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, it must allege sufficient facts to permit "the reasonable inference

that defendant is liable for the injury alleged." *Id.* In determining whether a complaint states a claim, I accept all of plaintiff's allegations as true and give them a liberal construction because plaintiff is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff makes the following allegations in his amended pleadings: His spine was injured in three different car accidents that were not his fault and his injuries were complicated by subsequent medical malpractice. His resulting medical bills should have been covered by the insurance policies of the drivers who hit him, his own uninsured motorist policy, and the doctors who committed the malpractice, but the insurance companies and his doctors have conspired to prevent him from being compensated. As a result, Medicare has been forced to pay many of his bills, and he has not been able to get all of the treatment that he needs. Plaintiff has "suffer[ed] many years of agony and pain," and he still needs surgery on his spine, which will cost over $150,000. (Pl.'s Mot. for Court Date to Hear Oral Argument 5, ECF No. 14.)

Plaintiff's first claim is that the State of Wisconsin has violated his constitutional rights by passing Wis. Stat. Ch. 655. This statute governs medical malpractice claims, and plaintiff claims that it violates his rights by absolving his doctors of liability for medical malpractice if he dies. He says the statute gives his doctors a financial incentive to cause his death, and thus denies him his constitutional right to receive medical care in his home state because he is too afraid to receive treatment in Wisconsin.

I will dismiss this claim because the State of Wisconsin is protected by Eleventh Amendment immunity, which means plaintiff cannot name it as a defendant. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Alternatively, I will dismiss this

claim because plaintiff misreads Chapter 655. It is not clear that a statute absolving a doctor of medical malpractice liability after a patient's death would violate the patient's constitutional rights, but even if it would Chapter 655 is not that statute. Under Wis. Stat. § 655.007, the personal representative of a deceased patient is permitted to bring a claim for medical malpractice on the patient's behalf. *See also* Wis. Stat. § 895.01(1)(am) (noting that a personal injury action survives the death of the injured person); *Bartholomew v. Wis. Patients Compensation Fund & Compcare Health Servs. Inc. Corp.*, 293 Wis. 2d 38, 60–61 (2006) ("Damages 'to which a decedent would have been entitled for pain and suffering survive his death and pass to the estate of the decedent.'") (quoting *Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 310 (1980)). Thus, a patient's death does not absolve a doctor of liability for medical malpractice.[1]

Plaintiff's next claim is that Aurora Health Care denied him benefits under its charity care program because he is disabled. Plaintiff explains that charity care is "a financial forgiveness program that forgives low income patient medical bills" and alleges that he "qualifies for those programs due to his injuries and financial loss." (Pl.'s Mot. for Court

---

[1] As evidence that Wis. Stat. Ch. 655 is unconstitutional, plaintiff mentions that his son died as a result of medical malpractice and that plaintiff was not allowed to bring a claim on his son's behalf. Whether plaintiff's son's rights were violated because a Wisconsin court misapplied Chapter 655 is a separate question from whether plaintiff's own rights are being violated. Additionally, it appears that plaintiff's claim on behalf of his son was denied because he was not legally appointed as his son's personal representative. *See Schmidt v. Froedtert Memorial Lutheran*, 316 Wis. 2d 773, at *1 (Ct. App. 2009) (unpublished decision) ("Schmidt does not dispute, however, that he was never appointed the personal representative of his [son's] estate. Consequently, we agree with the circuit court that he does not have standing to bring a direct claim for his son's estate against the health care providers.").

Date to Hear Oral Argument 7.) However, he fails to state a plausible claim for relief because he offers no details about the circumstances under which he was denied benefits.

Finally, plaintiff claims that the insurance companies of the drivers who hit him, his own insurance company, and the doctors who committed malpractice are responsible for paying his past and future medical bills. He argues that they are liable under the relevant insurance contracts and Wisconsin's medical malpractice statute. He also claims they are liable for conspiracy because they conspired to prevent him from receiving the compensation due to him. I will dismiss this claim for lack of jurisdiction. Plaintiff asserts that this claim raises a question of federal law, but that is clearly not so. Plaintiff's claim is based on state law, specifically state contract, medical malpractice and tort law.

Since plaintiff has again failed to state a plausible claim for relief, I will dismiss this case. I will also deny his motion to notify the Wisconsin state courts of the status of this case and his motion for oral argument, and I will deny as moot his motion to hold harmless any attorney who agrees to represent him. Several attorneys have apparently refused to represent plaintiff because they are concerned that I will find his claims to be frivolous and issue sanctions. I do not believe there is any ground for excusing an attorney from his or her duty to avoid frivolous filings, but there is no need for me to rule on this motion because I am dismissing this case.

**THEREFORE, IT IS ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to hold harmless any attorney who agrees to represent him (Docket #9) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to notify the Wisconsin courts of the status of this case (Docket #10) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for oral argument (Docket #14) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of August, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge